ANDREW H. MAXON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maxon v. Commissioner
Docket No. 21610-92
United States Tax Court
T.C. Memo 1994-494; 1994 Tax Ct. Memo LEXIS 496; 68 T.C.M. (CCH) 878; October 6, 1994, Filed *496 Decision will be entered that there are no deficiencies and no additions to tax due from petitioner and there is no overpayment due to petitioner. For petitioner: Alice Ann Fitzpatrick. For respondent: Elise Frost Alair. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies and additions to tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A) [1]
6653(a)(1)(B) [2]
6654
1984
$ 37,222
$ 5,116
$ 1,861
50% of the
$ 1,002
interest due
on $ 20,463
1985
51,649
7,669
2,582
50% of the
1,457
interest due
on $ 30,677
1986
98,287
16,341
4,914
50% of the
2,764
interest due
on $ 65,363
1987
44,228
4,432
2,211
50% of the
600
interest due
on $ 17,728
1988
103,635
19,400
5,182
-
4,777
Unless otherwise indicated, all section references are to the *497 Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issue for decision is whether refunds or credits claimed by petitioner are barred by the statute of limitations. FINDINGS OF FACT Petitioner resided in Stamford, Connecticut, at the time that he filed his petition. During the years in issue, petitioner was employed as a corporate executive by F.D. Rich Company, Inc. His total compensation and the Federal income tax withheld during the years in issue were as follows: Federal Income
Year
Wages Tax Withheld
1984
$  84,819.10
$ 16,759.50
1985
105,002.20
18,472.58
1986
112,800.02
28,599.65
1987
110,000.02
26,500.00
1988
110,000.02
26,000.00
On or about April 15, 1986, petitioner sent $ 2,500 to the Internal Revenue Service (IRS) with an Application for Automatic Extension of Time, Form 4868, for extending to August 15, 1986, the date for filing his return for 1985. The payment of $ 2,500 was credited by the IRS against petitioner's Federal income tax liability for 1985 as of April 15, 1986. As of February 1992, petitioner's returns for the years in issue had not been *498 filed with the IRS. After an inquiry from an internal revenue agent, petitioner sent unsigned copies of returns for each of the years in issue to the IRS. On March 13, 1992, substitutes for returns were prepared by the IRS. The statutory notice of deficiency was sent July 10, 1992. In the petition filed in November 1992, petitioner claimed that he overpaid his taxes for each year in issue. By notice served January 5, 1994, the case was set for trial on June 6, 1994, in Hartford, Connecticut. Shortly prior to trial, respondent agreed that there were no deficiencies and no additions to tax due from petitioner for the years in issue. Respondent's counsel prepared a proposed decision that reflected that there were no deficiencies or additions to tax due from petitioner and no overpayments due to petitioner for the years in issue. Thereafter, petitioner received a notice of deficiency for 1989, 1990,and 1991. Petitioner refused to sign the proposed decision because he claimed that he was entitled to credit against subsequent years' liabilities for an overpayment shown on his return for 1988. OPINION Trial of this case commenced on June 8, 1994. Petitioner testified that he *499 filed his returns on a timely basis for each year, that he was entitled to a refund in each year, and that he let his refunds be applied forward to subsequent years because he expected a larger tax liability in later years. He presented copies of tax returns for each year, which were neither dated nor signed and appeared to have been prepared contemporaneously. He testified that, on March 3, 1992, he sent copies of his returns to the IRS by Federal Express. He conceded, however, that he could not state that the copies that were sent at that time were signed. Because the copies that were provided by petitioner reflected joint returns with his wife, Carol Maxon, who is not a party to this case, the Court continued the trial to the following week to allow Mrs. Maxon to testify about if and when the returns were signed by her. She testified that petitioner filed a return every year on April 15. Neither petitioner nor Mrs. Maxon could produce any documentary corroboration of their claimed timely filing. Records introduced by respondent reflect that the IRS has no record of the filing of tax returns by petitioner for the years in issue. The internal revenue agent's activity record *500 states that unsigned returns were received from petitioner on February 14, 1992, and returned to him and that no signed returns were later produced. Petitioner now contends that the signed returns were sent back to the IRS on March 3, 1992, by Federal Express. Petitioner's failure to file returns for 5 consecutive years, when he had paid substantial amounts of tax by withholding and had no balance of taxes due, is inexplicable. We are not persuaded, however, that the returns were actually filed as testified to by petitioner and Mrs. Maxon. The IRS has no record of returns filed for any of the years in issue. The general assertions of timely filing cannot be accepted. Moreover, we are not persuaded that petitioner sent signed returns to respondent on March 3, 1992. His testimony in this regard was inconsistent. The Federal Express record that he submitted shows a sender at petitioner's employer's address for three separate mailings, one of which was to the IRS agent seeking his returns. A handwritten note indicates that petitioner reimbursed the employer for a mailing other than the one to the IRS as a "personal charge". Presumably, if the mailing to the IRS contained his *501 individual income tax returns, that, too, would have been a "personal charge". In any event, petitioner's and Mrs. Maxon's testimony that the returns were mailed in a timely fashion would not establish that the returns were filed as a timely claim for refund. Timely mailing is equated to timely filing under section 7502(a) only when the envelope in which a document is mailed bears a timely postmark. See . Here, there is no evidence of any postmark, because petitioner did not use certified or registered mail and there is no record that the returns were ever received. The last time the returns allegedly were sent was by Federal Express. See . Alternative proof of mailing is not sufficient to establish filing. ; . Thus, there is no reliable proof that the returns for the years in issue (or any claims for refund) were filed prior to the date of the statutory *502 notice in this case. The taxes that were withheld from petitioner's wages for each year were deemed paid on April 15 of the succeeding year. Sec. 6513(b)(1). Section 6511 provides the general statute of limitations for credits or refunds. That section provides in pertinent part: (a) Period of Limitation on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * * (b) Limitation on Allowance of Credits or Refunds. -- (1) Filing of claim within prescribed period. -- No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.
Because there is no proof that returns were filed by petitioner, he is entitled to a refund *503 or credit only of amounts paid within 2 years prior to the date of the statutory notice, which is deemed to be the date of a claim. Sec. 6512(b)(3)(B); , affd. without published opinion . None of the withheld taxes were paid within 2 years prior to the date of the notice of deficiency, and petitioner is not entitled to a refund or credit with respect to them. Petitioner cites , and asserts that he is at least entitled to a credit of the $ 2,500 that he paid with his Form 4868 requesting an extension for filing the 1985 return. In , the Court held that "remittances made by taxpayers with Form 4868 extension requests are not necessarily to be treated, as a matter of law, as payments of tax as of the filing date of the associated income tax return". Based on the facts and circumstances of that case, the taxpayer's remittance was treated as a deposit and not as a payment of taxes. . *504 In Risman, however, respondent did not credit the remittance against any tax liability of the taxpayer when it was received. It was credited to a non-interest-bearing suspense account in the taxpayer's name. Here, the evidence reflects that petitioner's $ 2,500 payment was applied to petitioner's 1985 tax liability as of April 15, 1986 -- more than 2 years prior to the statutory notice. He has not shown that he intended the payment to be applied in any other manner. See . Thus, refund or credit of that amount is also barred by section 6511. Prior to and at the beginning of trial, respondent conceded that there were no deficiencies and no additions to tax due from petitioner. Over a week later, when the trial resumed, respondent filed a memorandum contending that deficiencies were owing for 1985 and 1987 because application of the overpayments from one year to another had not been timely claimed by petitioner. The record contains only respondent's concessions and no evidence of petitioner's actual tax liability for any year. Thus, consideration of respondent's new claim at this time would require *505 further evidence. Reopening the record for that purpose is not justified. We decline to consider respondent's further claim. Decision will be entered that there are no deficiencies and no additions to tax due from petitioner and there is no overpayment due to petitioner. Footnotes
1. Secs. 6653(a)(1)(A) and 6653(a)(1)(B) were secs. 6653(a)(1) and 6653(a)(2), respectively, for 1984 and 1985.↩
2. Sec. 6653(a)(1)(A) was changed to sec. 6653(a)(1), and sec. 6653(a)(1)(B) was repealed for 1988.↩